912 F.2d 471
 Unpublished Disposition
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 
 UNITED STATES of America, Plaintiff-Appellee,
v.
Suvit TAECHAPHANARAT, Defendant-Appellant.
 No. 89-50382.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Aug. 6, 1990.
Decided Aug. 24, 1990.
 Appeal from the United States District Court for the Central District of California; William D. Keller, District Judge, Presiding.
 C.D.Cal.
 AFFIRMED.
 Before POOLE, CYNTHIA HOLCOMB HALL and DAVID R. THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Suvit Taechaphanarat appeals his sentence following a guilty plea for engaging in a continuing criminal enterprise (Count One of the indictment), aiding and abetting the importation of heroin (Count Six of the indictment) and aiding and abetting the attempted importation of heroin (Count Ten of the indictment) in violation of 21 U.S.C. Secs. 848, 952, 960 and 963 and 18 U.S.C. Sec. 2. We affirm.
 
 BACKGROUND
 
 3
 Between 1984 and 1988, Appellant, a Thai National, was involved in at least ten separate attempts to ship several kilograms of heroin from Thailand to the United States. The interception of these shipments resulted in the arrest of twenty people.
 
 
 4
 In his written guilty plea, appellant admitted to acting as an "organizer, supervisor, or manager of the shipments." (Appellee's ER at 23). At his sentencing, appellant's attorney admitted that appellant held a "management position" in numerous heroin shipments. Appellant acknowledged that he instructed others to procure the heroin and conceal it in various packages. He also acknowledged that he had an ownership interest in at least some of the heroin and that he owned equipment that was used to compress heroin for concealment. (Appellee's ER at 26-30).
 
 
 5
 After his arrest and indictment, appellant entered a plea pursuant to a written plea agreement to three counts in the indictment. In conformity with the terms of the agreement, appellant cooperated with the government and provided truthful answers to questions posed to him. Although he cooperated fully, appellant's testimony was of limited value as he provided the government with no new information.
 
 
 6
 The government indicated to the district court that a small downward departure would be warranted. The court refused to depart from the guidelines even after the Assistant United States Attorney indicated that Taechaphanarat responded truthfully to questioning. The government urged the court to consider the low range of the of the sentence if the court would not depart.
 
 
 7
 The court sentenced appellant to 269 months on Counts One and Ten and 30 years on Count Six. Counts One and Ten fall within the sentencing guidelines. Count Six does not. The sentences are to be served concurrently and will be followed by concurrent five year terms of supervised release. Appellant was given two years credit for his "attempted cooperation."
 
 
 8
 All other counts in the indictment were dismissed. The sentences were within the statutory limits and 235-293 month guideline range. In determining the sentences the court did not rely on any facts disputed by appellant.
 
 STANDARD OF REVIEW AND JURISDICTION
 
 9
 The legality of a sentence is reviewed de novo. United States v. Payseur, No. 88-5248 slip op. at 5883 (June 7, 1990). This court has jurisdiction pursuant to 28 U.S.C. Sec. 1291. Taechaphanarat's appeal was timely filed.
 
 DISCUSSION
 
 10
 Appellant raises two arguments. First, in violation of his due process rights, the district court imposed a substantial sentence on him based upon his national origin. Second, the court failed to individualize his sentence. We find both arguments without merit.
 
 
 11
 The only reference to national origin in this case is the judge's remark at sentencing that he did not want "other Thais, or anyone else in the Far East, to think that they can get away with this...." (RT 7/21/89 at 9). That comment alone does not indicate that the court enhanced appellant's sentence based upon the fact that he was a Thai National.
 
 
 12
 Appellant relies on United States v. Borrero-Isaza, 887 F.2d 1349 (9th Cir.1989) to support his position that because of his national origin, the court unfairly discriminated against him in sentencing. In Borrero-Isaza, this court distinguished between considering national origin in sentencing, which would be improper, and considering the fact that the appellant had trafficked drugs originating from a source country, which is legitimate. 887 F.2d at 1356.
 
 
 13
 In that case, the district court enhanced a defendant's sentence because he was born in Columbia. On appeal, this court held that although it would be appropriate to consider the fact that the defendant trafficked drugs originating from a source country, there was no evidence in the record to establish the cocaine came from Columbia or that appellant was involved in its transportation into the United States.[1] The district judge enhanced Borrero's sentence because he originated from a "source country" not because the drugs did.
 
 
 14
 The instant case is easily distinguished from Borrero-Isaza. Here, there is no question that the drugs originated in Thailand and that appellant was involved with their transportation to the United States. While the court indicated that it wanted to send a message to other similarly situated individuals, we find no evidence in the record that appellant's sentence was enhanced because he was of Thai origin.
 
 
 15
 Appellant's second challenge is that in sending a "message" to the other Thais in appellant's community, the district court failed to individualize his sentence.[2] This argument must also fail.
 
 
 16
 In United States v. Barker, 771 F.2d 1362, 1368-1369 (9th Cir.1985) this circuit held that a sentencing judge must strike a balance between general deterrence and individualized sentencing. "How that balance is to be struck is committed to the sound discretion of the trial court; that it be struck is what we require today." Barker 771 F.2d at 1369 (emphasis in original).
 
 
 17
 Appellant argues that the court did not strike a balance but instead focused only on the general deterrence factor when sentencing him. He relies on United States v. Wardlaw, 576 F.2d 932 (1st Cir.1978) for support. However, the district court in Wardlaw, did not balance both the individual and deterrence factors and instead focused solely on deterrence. Id. at 938-939.
 
 
 18
 In the instant case the district court considered both factors when pronouncing Taechaphanarat's fate. The court discussed the fact that appellant was a significant factor in the drug organization and that his participation took place over a long period of time. Those counts sentenced under the guidelines necessarily examined the quantity of narcotics involved, appellant's criminal history, his acceptance of responsibility and his role in the offense. See United States v. Brady, 895 F.2d 538 (9th Cir.1990) (generally upholding the guidelines in the face of a due process challenge that they fail to provide for an individualized sentence). Moreover the court gave appellant a two year reduction in his sentence for his cooperation with the government. Thus, it is clear that the district court did not mechanically select sentences based solely upon deterrence when sentencing appellant.
 
 CONCLUSION
 
 19
 The district court did not violate appellant's right to due process of law by enhancing his sentence based upon his national origin nor did it fail to consider appellant as an individual in imposing its sentence. The sentenced imposed by the district court is hereby AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 In Borrero-Isaza, the defendant was arrested at his co-defendant's place of business after DEA agents found a kilogram of cocaine in his car
 
 
 [2]
 The court notes that while appellant has every right to challenge the guidelines' refusal to take into account particular factors which he believes to be "essential to an individualized sentence" United States v. Brady, 895 F.2d 538 (9th Cir.1990), he has failed in this case to identify particular factors that the guidelines failed to take into account